**J. MARK GIBB, mgibb@djplaw.com (State Bar No. 5702)**
**DAVID W. TUFTS, dtufts@djplaw.com (State Bar No. 8736)**
**CLINTON E. DUKE, cduke@djplaw.com (State Bar No. 9784)**
**JASON P. NIXON, jnixon@djplaw.com (State Bar No. 11417)**
Attorneys for ZAGG Intellectual Property Holding Co., Inc.
DURHAM JONES & PINEGAR, P.C.
111 East Broadway, Suite 900
Salt Lake City, UT  84111
(801) 415-3000

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ZAGG INTELLECTUAL PROPERTY HOLDING CO., INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>NLU PRODUCTS, L.L.C., a Utah limited liability company; WRAPSOL, L.L.C., a Delaware limited liability company; XO SKINS, LLC, a Utah limited liability company; FUSION OF IDEAS, INC., a California corporation; GHOST ARMOR LLC, an Arizona limited liability company; CLEAR-COAT LLC, a Pennsylvania corporation; CASE-ARI, LLC, a Georgia limited liability company; UNITED SGP CORP., a California corporation; PEDCO, LLC, an Arizona limited liability company; BEST SKINS EVER, a Colorado company; STEALTH GUARDS, a Michigan company; SKINOMI, LLC, a California company; CELLAIRIS, a Georgia company; and VIRTUOSITY PRODUCTS, LLC, a Utah limited liability company.<br><br>Defendants. | **FIRST AMENDED COMPLAINT**<br><br>Civil No. 2:11-cv-00517-PMW<br><br>Honorable Magistrate<br>Judge Paul M. Warner<br><br>**(Jury Trial Demanded)** |

748580

Pursuant to Fed. R. Civ. P. 15(a)(1)(A), Plaintiff ZAGG Intellectual Property Holding Co., Inc. hereby files this First Amended Complaint and complains of the above-named defendants and alleges as follows:

**Parties**

1. Plaintiff ZAGG Intellectual Property Holding Co., Inc. ("ZAGG") is a Nevada corporation with its principal place of business in Salt Lake City, Utah.

2. Defendant NLU Products, L.L.C. ("NLU") is a Utah limited liability company having an office and principal place of business in Bluffdale, Utah.

3. Defendant Wrapsol, L.L.C. ("Wrapsol") is a Delaware limited liability company having its office and principal place of business in Weymouth, Massachusetts.

4. Defendant XO Skins, LLC ("XO") is a Utah limited liability company with its principal place of business in Lindon, Utah.

5. Defendant Fusion of Ideas, Inc. ("FOI") is a California corporation with its principal place of business in Irvine, California.

6. Defendant Ghost Armor LLC ("Ghost Armor") is an Arizona limited liability company with its principal place of business in Mesa, Arizona.

7. Defendant Clear-Coat LLC ("Clear-Coat") is a Pennsylvania limited liability company with its principal place of business in Philadelphia, Pennsylvania.

8. Defendant Case-Ari, LLC d/b/a Case-Mate ("Case-Mate") is a Georgia limited liability company with its principal place of business in Tucker, Georgia.

9. Defendant United SGP Corp. ("SGP") is a California limited liability company with its principal place of business in Los Angeles, California.

10. Defendant PEDCO, LLC ("PEDCO") is a Arizona limited liability company with its principal place of business in Gilbert, Arizona.

11. On information and belief, Defendant BEST SKINS EVER ("Best Skins Ever") is a Colorado company with its principal place of business at 7508 Grandview Ave., Arvada, CO 80002-25123.

12. On information and belief, Defendant STEALTH GUARDS ("Stealth Guards") is a Michigan company with its headquarters in Shelby Township, Michigan.

13. On information and belief, Defendant SKINOMI, LLC ("Skinomi") is a California limited liability company with its headquarters at 2188 Pomona Blvd., Bldg. J, Pamona, CA  91768-3332.

14. On information and belief, Defendant CELLAIRIS ("Cellairis") is a Georgia company with its principal place of business at 6485 Shiloh, Rd. Bldg. B-100, Alpharetta, GA 30005.

15. On information and belief, Defendant VIRTUOSITY PRODUCTS, LLC ("iWrap") is a Utah limited liability company with its principal place of business at 374 E. 1420 S., Orem, UT  84058-8322.

### Jurisdiction and Venue

16. This is an action for infringement of a United States Patent arising under 35 U.S.C. § 271 et seq.  This Court has original jurisdiction of the subject matter of this action under 28 U.S.C. §1331 and §1338(a).

17. This Court has general and specific personal jurisdiction over each Defendant, and venue is proper, pursuant to 28 U.S.C. §§ 1391 and 1400(b).

18. Each Defendant is subject to the Court's general and specific jurisdiction consistent with the principles of due process and/or the Utah Long Arm Statute. Specifically, and upon information and belief, each Defendant has substantial contacts with this forum as a result of substantial business activities conducted within the State of Utah and within this District. Each Defendant solicits business in Utah and derives revenue from products, sold or provided to individuals and entities residing in Utah and in this District. Each Defendant has placed and is continuing to place merchandise into the stream of commerce within the United States, within Utah and in this District, and it is reasonable to expect that such merchandise will continue to enter and be used by consumers in Utah and in this District. Further, each Defendant has committed and continues to commit acts of patent infringement in Utah and in this District through its making, selling and/or offering to sell protective body coverings for electronic devices that infringe one or more claims of the patent-in-suit.

## Background

19. On June 7, 2011, United States Patent Number 7,957,524 (hereafter the "'524 Patent") was duly and legally issued for a "PROTECTIVE COVERING FOR AN ELECTRONIC DEVICE". A true and correct copy of the '524 Patent is attached hereto as Exhibit A.

20. Plaintiff ZAGG is the assignee of the '524 Patent and owns all right, title and interest in, to and under the unexpired '524 Patent, including the right to prosecute this action and recover past, present and future damages for the infringements alleged herein. A true and correct copy of the Assignment to ZAGG is attached hereto as Exhibit B, along with a true and

correct copy of an electronic receipt from the United States Patent and Trademark Office ("USPTO") showing that the Assignment has been submitted to the USPTO for recordation.

21. ZAGG is a subsidiary of ZAGG Incorporated ("ZAGG Inc"), a Nevada corporation. ZAGG Inc sells in the United States and Utah and throughout the world protective body coverings for electronic devices.

22. NLU sells protective body coverings for electronic devices under the name BODYGUARDZ. NLU makes, offers for sale and sells BODYGUARDZ protective body coverings for electronic devices that are within the scope of and, therefore, infringe one or more claims of the '524 Patent. NLU's BODYGUARDZ protective body coverings compete with ZAGG Inc's protective body coverings.

23. Wrapsol sells protective body coverings for electronic devices under the names WRAPSOL, WRAPSOL ULTRA, WRAPSOL ORIGINAL, WRAPSOL ULTRA HYBRID, and WRAPSOL ORIGINAL CLEAN. Wrapsol makes, offers for sale and sells WRAPSOL protective body coverings for electronic devices that are within the scope of and, therefore, infringe one or more claims of the '524 Patent. WRAPSOL's WRAPSOL protective body coverings compete with ZAGG Inc's protective body coverings.

24. XO sells protective body coverings for electronic devices under the name XO SKINS and XO SKINS FULL BODY PROTECTION. XO makes, offers for sale and sells XO SKINS protective body coverings for electronic devices that are within the scope of and, therefore, infringe one or more claims of the '524 Patent. XO's XO SKINS protective body coverings compete with ZAGG Inc's protective body coverings.

25. FOI sells protective body coverings for electronic devices under the name STEALTHARMOR and STEALTHARMOR FULL PROTECTION. FOI makes, offers for sale and sells STEALTHARMOR protective body coverings for electronic devices that are within the scope of and, therefore, infringe, one or more claims of the '524 Patent. FOI's STEALTHARMOR protective body coverings compete with ZAGG Inc's protective body coverings.

26. Ghost Armor sells protective body coverings for electronic devices under the name GHOST ARMOR. Ghost Armor makes, offers for sale and sells GHOST ARMOR protective body coverings for electronic devices that are within the scope of and, therefore, infringe, one or more claims of the '524 Patent. Ghost Armor's GHOST ARMOR protective body coverings compete with ZAGG Inc's protective body coverings.

27. Clear-Coat sells protective body coverings for electronic devices under the name CLEAR-COAT and CLEAR-COAT FULL-BODY SCRATCH PROTECTION. Clear-Coat makes, offers for sale and sells CLEAR-COAT protective body coverings for electronic devices that are within the scope of and, therefore, infringe, one or more claims of the '524 Patent. Clear-Coat's CLEAR-COAT protective body coverings compete with ZAGG Inc's protective body coverings.

28. Case-Mate sells protective body coverings for electronic devices under the name CLEAR ARMOR. Case-Mate makes, offers for sale and sells CLEAR ARMOR protective body coverings for electronic devices that are within the scope of and, therefore, infringe, one or more claims of the '524 Patent. Case-Mate's CLEAR ARMOR protective body coverings compete with ZAGG Inc's protective body coverings.

29.     SGP sells protective body coverings for electronic devices under the name INCREDIBLE SHIELD and INCREDIBLE SHIELD SCREEN AND BODY PROTECTION. SGP makes, offers for sale and sells INCREDIBLE SHIELD protective body coverings for electronic devices that are within the scope of and, therefore, infringe, one or more claims of the '524 Patent.  SGP's INCREDIBLE SHIELD protective body coverings compete with ZAGG Inc's protective body coverings.

30.     PEDCO has commenced selling protective body coverings for electronic devices under the name PHANTOM SKINZ.  PEDCO makes, offers for sale and sells PHANTOM SKINZ protective body coverings for electronic devices that are within the scope of and, therefore, infringe, one or more claims of the '524 Patent. PEDCO's PHANTOM SKINZ protective body coverings compete with ZAGG Inc's protective body coverings.

31.     Best Skins Ever sells protective body coverings for electronic devices under the name BEST SKINS EVER TOTAL BODY SKIN.  Best Skins Ever makes, offers for sale and sells BEST SKINS EVER TOTAL BODY SKIN protective body coverings for electronic devices that are within the scope of and, therefore, infringe, one or more claims of the '524 Patent.  Best Skins Ever's BEST SKINS EVER TOTAL BODY SKIN protective body coverings compete with ZAGG Inc's protective body coverings.

32.     Stealth Guards sells protective body coverings for electronic devices under the name STEALTH GUARDS FULLY BODY SET.  Stealth Guards makes, offers for sale and sells STEALTH GUARDS FULLY BODY SET protective body coverings for electronic devices that are within the scope of and, therefore, infringe, one or more claims of the '524 Patent.

Stealth Guards's STEALTH GUARDS FULLY BODY SET protective body coverings compete with ZAGG Inc's protective body coverings.

33. Skinomi sells protective body coverings for electronic devices under the names SKINOMI TECHSKIN and SKINOMI SKIN PROTECTOR. Skinomi makes, offers for sale and sells SKINOMI TECHSKIN protective body coverings for electronic devices that are within the scope of and, therefore, infringe, one or more claims of the '524 Patent. Skinomi's SKINOMI TECHSKIN protective body coverings compete with ZAGG Inc's protective body coverings.

34. Cellairis sells protective body coverings for electronic devices under the name GADGET GUARD and GADGET GUARD FULL GUARD. Cellairis makes, offers for sale and sells GADGET GUARD protective body coverings for electronic devices that are within the scope of and, therefore, infringe, one or more claims of the '524 Patent. Cellairis's GADGET GUARD protective body coverings compete with ZAGG Inc's protective body coverings.

35. iWrap sells protective body coverings for electronic devices under the name iWRAP and iWRAP FULL BODY. iWrap makes, offers for sale and sells INCREDIBLE iWRAP protective body coverings for electronic devices that are within the scope of and, therefore, infringe, one or more claims of the '524 Patent. iWrap's iWRAP protective body coverings compete with ZAGG Inc's protective body coverings.

**FIRST CLAIM FOR RELIEF**

**(Patent Infringement)**

36. ZAGG incorporates into this Claim for Relief all of the allegations of the prior paragraphs of this Complaint.

37. Without the authority so to do, each Defendant has directly infringed (either by literal infringement or by infringement under the Doctrine of Equivalents) and is continuing to directly infringe one or more claims of the '524 Patent within the meaning of Title 35 U.S.C. §271(a), by making, using, offering to sell and selling protective body coverings for electronic devices that are within the scope of one or more claims of the '524 Patent, within the United States, within Utah and within this District.

38. Each Defendant's aforesaid infringements of one or more claims of the '524 Patent are continuing and will continue unless enjoined.

39. ZAGG has been irreparably damaged and is continuing to be irreparably damaged by each Defendant's aforesaid infringements of one or more claims of the '524 Patent, for which ZAGG has no adequate remedy at law. ZAGG is entitled, under Title 35 United States Code §283, to an injunction against each Defendant's continuing infringements.

40. ZAGG's monetary damage caused by each Defendant's aforesaid infringements is an amount that is not yet fully ascertained or ascertainable.

41. ZAGG is entitled to an award of damages under Title 35 United States Code §284, adequate to compensate it for each Defendant's aforesaid infringements, together with interest and costs as fixed by the Court.

42. Each Defendant's aforesaid infringements were willful and deliberate and with full foreknowledge of the existence of the '524 Patent and that their sales of protective body coverings for electronic devices infringe one or more claims of the '524 Patent.

43. ZAGG is entitled, under Title 35 United States Code §284, to an increase of the compensatory damages by up to three times its damages for each Defendant's aforesaid willful and deliberate infringements.

44. This is an exceptional case within the meaning of Title 35 United States Code §285. ZAGG is entitled to an award of its reasonable attorney fees incurred in this action.

## PRAYER FOR RELIEF

WHEREFORE, ZAGG prays for the following relief:

1. For monetary damages in an amount adequate to compensate it for each Defendant's aforesaid infringements.

2. For treble the amount of such compensatory damages.

3. For ZAGG's costs incurred in this action.

4. For a finding that this case is exceptional and an award to ZAGG of all remedies available under 35 U.S.C. § 285, including reasonable attorney fees incurred in this action.

5. For pre-judgment and post-judgment interest as provided by law.

6. For preliminary and permanent injunctions against each Defendant's aforesaid infringements prohibiting further infringement and contributory infringement of the patent-in-suit.

7. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, ZAGG hereby demands a trial by jury on all issues and claims so triable.

DATED:  June 7, 2011.             **DURHAM JONES & PINEGAR, P.C.**


 /s/ Clinton E. Duke
J. Mark Gibb
David W. Tufts
Clinton E. Duke
Jason P. Nixon

Attorneys for ZAGG Intellectual Property Holding Co., Inc.